IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TRACY WARD,** § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | **Civil Action No.** |
| **QUALITY TERMINAL SERVICES,** § | |
| **LLC. and ALLIANCE TERMINAL** § | |
| **RAILROAD, LLC** § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. Parties

1.01.   Plaintiff TRACY WARD ("WARD: or "Plaintiff") is an individual who resides in Tarrant County, Texas.

1.02.   QUALITY TERMINAL SERVICES, LLC. ("Quality") is a company doing business in the State of Texas; it may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1.03.   ALLIANCE TERMINAL RAILROAD, LLC. ("Alliance") is a company doing business in the State of Texas; it may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. Jurisdiction

2.01.   The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §§ 1331, 1367, as the case arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. and the Texas Labor Code

## III. Venue

3.01.   Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(c ) as Quality and Alliance are subject to personal jurisdiction in the Dallas Division of the Northern District of Texas.

## IV. Factual Background

4.01.   Ward began working for Quality on or around January 29, 2001.

4.02.   Quality employed approximately one hundred and fifty five (25) employees at the location where Ward worked.

4.03.   Ward was one of only approximately twenty five (25) African American employees at that location.

4.04.   Ward was one of only approximately five (5) employees over the age of forty at that location.

4.05.   Ward reported an on the job injury on or around March 14, 2008.

4.06   Ward was terminated on September 22, 2009

4.07.   Ward was replaced by Donnie Cain, a much younger Caucasian male.

## V. Exhaustion of Administrative Procedures

5.01. Ward has timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Quality and Alliance. Ward received a Notice of Right to Sue from the EEOC within 90 days of the filing of this Complaint.

## VI.  Title VII

6.01. Ward, an African-American male, is a member of a protected class under Title VII.

6.02. Quality and Alliance are employers who are covered by Title VII.

6.03. Ward was terminated due to his race and age in violation of Title VII of the Civil Rights Act of 1964.

6.04. Quality's and Alliance's acts of discrimination were performed with malice and reckless disregard for Ward's protected civil rights.

## VII.  ADEA

7.01. At the time of his discharge, Ward was over the age of forty, thus he is a member of a protected class under the ADEA.

7.02. Defendants are employers within the meaning of the ADEA.

7.03. Ward was qualified to perform his job duties.

7.04. Ward was treated differently than those outside of the protected class.

7.05. Defendants intentionally discriminated against Ward by discharging him because of his age.

## VIII.  Texas Labor Code

8.01. Ward restates the facts set forth in Paragraphs II, III, IV, V, VI and VII.

8.02. Defendants intentionally discriminated against Ward in violation of the Texas

Labor Code.

### IX.  Damages

9.01.  Ward has suffered the following injuries as a direct and proximate result of Defendants' conduct:

    a.  loss of past wages;

    b.  loss of future wages;

    c.  loss of benefits; and

    d. emotional distress, pain and suffering, mental anguish, inconvenience and loss of enjoyment of life.

### X.  Attorney Fees and Costs

10.01. Ward is entitled to an award for attorney fees and costs under Title VII.

### XI.  Demand for Jury

11.01. Ward requests a trial by jury for all issues so triable.

### XII.  Prayer

12.01.   PREMISES CONSIDERED, Plaintiff respectfully requests judgments against Defendants for:

    a.  Back pay in an amount in excess of the jurisdictional limits;

    b.  Front pay in an amount in excess of the jurisdictional limits;

    c. Compensatory damages for mental anguish, emotional distress, inconvenience, past pecuniary losses and loss of enjoyment of life;

    d. Compensation for lost benefits;

e. Reinstatement to his former position and pay;

f. Punitive damages due to Defendant's intentional conduct;

g. Attorney's fees incurred herein and in any proceeding before the Unites States Court of Appeals for the Fifth Circuit and the United States Supreme Court;

h. Costs of court;

i. Pre-judgment and post-judgment interest on the above amounts;

j. All other legal and equitable relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

 /s/ Howard Rosenstein
Howard Rosenstein
TX Bar No.: 17279700
Attorney at Law
1309-B W. Abram
Arlington, TX 76013
817-261-4213 (phone)
817-261-4214 (fax)