IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY WARD**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-230-L** |
| | § | |
| **QUALITY TERMINAL SERVICES, LLC,** | § | |
| **and ALLIANCE TERMINAL** | § | |
| **RAILROAD, LLC**, | § | |
| | § | |
| Defendants. | § | |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Civil Rules of this court (except as modified herein), the court's Civil Justice Expense and Delay Reduction Plan, as amended, and the joint status report and discovery plan submitted by the parties, the court **issues** this scheduling order.[1]  Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure must be observed.

1. **Trial Date:**  This case is **set** for trial on this court's four-week docket beginning **May 7, 2012**.[2]  Counsel and the parties must be ready for trial on two (2) days' notice at any time during this four-week period, unless the court allows otherwise at the pretrial conference.  Any potential conflicts must be called to the attention of the court in writing within **ten (10) days** from the date of this order.

---

[1]Unless otherwise ordered or specified herein, all documents filed in accordance with this scheduling order are to be filed, whether conventionally or electronically, **by 5:00 p.m.**

[2]All civil trial settings are subject to the priority of criminal trials established by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.

**Scheduling Order - Page 1**

2. **Joinder of Parties and Amendment of Pleadings:** By **August 25, 2011**, all motions requesting **joinder** of additional parties and **amendment** of pleadings shall be filed.

3. **Dispositive and Nondispositive Motions, Briefs, and Evidence:**  All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be filed by **January 17, 2012**.  Delay in deciding motions will not affect the trial date.  The parties are directed to observe and adhere to the page limitation set by the Local Civil Rules of Practice for the Northern District of Texas for filing briefs.  A party may not file a brief, or any other document serving as a brief, which exceeds the page limitation set by the Local Rules, unless leave of court has been obtained to exceed the page limitation.  Briefs, or any document serving as a brief, filed which exceed the page limitation will be unfiled by the court.  Any party seeking to exceed the page limitation must set forth the unusual or compelling reasons why it is necessary to exceed such limitation.  *When submitting materials on dispositive motions, the parties are instructed not to unduly burden the record, and shall submit only that evidence which is actually relevant to supporting or opposing the dispositive motions of the parties. For example, do not submit the entire deposition of a witness; submit only those pages that are necessary to identify the deponent's connection to the case and establish the point a party desires to make.*  The parties, of course, should submit the first page that reflects the name of the deponent and the signature page of the deponent, or the certification page of the court reporter.

   *It is extremely important that counsel and parties appearing pro se follow the federal civil rules, the local civil rules, and the court's scheduling order when filing*

*and submitting dispositive or nondispositive motions.  Failure to follow these rules unnecessarily burdens the court and delays the court's ruling on motions that are not filed in accordance with these rules.*

4. **Surreplies**: Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1.  Thus, the movant is entitled to file the last pleading.  Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter.  The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter.

5. **Experts**:

   a. **Plaintiff's Designation of Experts**:  Unless otherwise stipulated or directed by order,  Plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **October 5, 2011**.

   b. **Defendant's or Third Party's Designation of Experts:**  Defendant or third party shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **November 4, 2011**.

   c. **Rebuttal Experts**:  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within **thirty (30) days** after the disclosure made by the other party.

   d. **Challenges to Experts**:  The court desires to address and resolve before trial any challenges that testimony of expert witnesses fail to meet the standards of Fed. R. Evid. 702 and 703, as set forth and applied in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such challenges often require time-consuming hearings outside the

presence of the jury, and can seriously disrupt the trial if not resolved earlier.  The parties are directed to file any such objections to, or motions to strike or exclude, expert testimony no later than **January 17, 2012**.

6. **Completion of Discovery**: By **January 3, 2012**, all discovery — including discovery concerning expert witnesses — shall be completed.  Completion of discovery means that the discovery must be sent or done so that the answers or responses are produced on or before the deadline date herein set forth.  The parties may agree to extend this discovery deadline, provided (1) the extension does not affect the trial setting, dispositive motions deadline, or pretrial submission dates, and (2) **written notice** of the extension is given to the court.  The court will not entertain any discovery dispute that is a result of an agreed extension.  The court hereby approves all agreements made between the parties regarding discovery as set forth in the joint status report or discovery plan, filed **April 1, 2011**, unless such agreements are in conflict with this order.

7. **Pretrial Disclosures and Objections**:  Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) and (B), Fed. R. Civ. P., by **April 9, 2012**.  No later than **April 23, 2012**, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A), and (ii) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(B), if any.

8. **Pretrial Materials**: By **April 9, 2012**, the parties must file as *separate* documents the following pretrial material:

   a. **Pretrial Order**:  A **joint** pretrial order shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether this case is jury or nonjury.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the

opposing attorney shall submit a separate pretrial order with an explanation of why the joint order was not submitted (so that the court can impose sanctions, if appropriate); however, *failure to agree upon content or language is not an excuse for submitting separate pretrial orders* — since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order. The parties are warned not to include a restatement of their complaints or answers filed in this case.** Statements regarding "contested facts" in the pretrial order are to be stated in question form or begin with the word "whether."

b. **Witness List**: Each party must file a list of witnesses who may be called by each party in its case in chief. Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the court reporter *prior* to trial.

c. **Exhibit List and Deposition Testimony:** A list of exhibits and a designation of portions of depositions to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. *The gummed labels shall clearly indicate that the exhibits are those of Plaintiff, Defendant, or Intervenor, as the case may be.* In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel and shall deliver a set of marked exhibits to the court's chambers (except large or voluminous items that cannot be easily reproduced). The exchange between counsel and the delivery to chambers shall take place on the date listed in this section. Exhibits are to be placed in three-ring binders, and the binder is to be labeled with the style of case, case number, and name of the party. A copy of each party's exhibit **list** must be furnished to the court reporter *prior* to trial.

d. **Jury Instructions**: Requested jury instructions (annotated)[3] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case.

e. **Proposed Voir Dire Questions**: Proposed voir dire questions which the court is requested to ask during its examination of the jury panel must be filed. The court,

---

[3] "Annotated" means that **each** proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. Do not submit a proposed instruction or conclusion of law without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this court, the parties should — to the extent possible — rely on these sources or Fifth Circuit pattern instructions in proposed jury instructions.

**Scheduling Order - Page 5**

after completion of its voir dire, will allow counsel additional time to conduct follow-up questions as necessary.

9. **Findings of Fact and Conclusions:** Proposed findings of fact and conclusions of law (annotated)[4] in a nonjury case shall be filed by each party. The findings and conclusions must be tailored to the specified case. The court has found that proposed findings of fact and conclusions of law filed prior to the conclusion of a nonjury trial are of minimal value. Accordingly, to assist the court and ensure that the findings and conclusions are based on what occurred at trial, the parties must submit their proposed findings and conclusions of law within thirty days *after* the transcript is completed, unless otherwise permitted by the court. The parties are to order the transcript at the conclusion of the trial and are to divide the costs evenly. Each proposed finding of fact must contain a specific cite to the record, and each conclusion of law must cite the applicable legal authority.

10. **Settlement Status Report and Settlement Conference**: Counsel, or the respective party if not represented by counsel, are **directed** to confer and file with the court by **July 5, 2011**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. No later than **April 9, 2012**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must **immediately**

---

[4]*See* footnote 3.

**Scheduling Order - Page 6**

notify the court in writing of the participants' names and capacities, and the results of the settlement conference.  Counsel and *pro se* litigants should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel must complete settlement negotiations at least one day prior to the date scheduled for trial and must immediately notify the court if a settlement is reached.

11. **Objections to Pretrial Material and Motions in Limine**:  Objections to exhibits, witness lists, and designated deposition testimony shall be filed by **April 23, 2012**. Counsel, or the representative party if not represented by counsel,  must confer about exhibits and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the court will rule on the admissibility of the exhibits.

Motions in limine, if any, shall be filed by **April 23, 2012**, unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the motion deadline.  Motions in limine must not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements:  (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party, **and** (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court.  Motions in limine must include neither "standard" or "boilerplate" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.  **No motion in limine will be considered by the court unless the**

**parties have conferred and attempted to resolve the areas of dispute regarding the motion.**

12. **Pretrial Conference**:  A pretrial conference in this case is **set** for **May 4, 2012**, at **1:30 p.m.**  Each party shall be represented by at least one attorney (unless a party is *pro se*) who will conduct the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b).  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed.  At the final pretrial conference, it should be possible to assign the specific date for the trial during the four-week docket. **Telephone calls about the probable trial date prior to the final pretrial conference will usually do nothing more than waste your time and that of court staff.**

13. **Modification of Scheduling Order**: *A motion for an extension of any deadline set herein must be made prior to its expiration.*  This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b).  Any request that the trial date of this case be modified must be made (i) **in writing** to the court, (ii) *before* the deadline for completion of discovery, and (iii) **in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).  The court requires that discovery be completed **at least four months** before the trial setting and that any dispositive motions be filed **at least three and one-half months** before the trial setting.  Any proposed modifications to the

deadlines for discovery or the filing of dispositive motions that would conflict with these requirements **must include a request that the trial setting be revised as well**. When a revised trial setting is requested, based on the status of the court's docket, it may be necessary to schedule trial a  month or so later than that requested.  By requesting a revised trial setting, the parties acknowledge and accept this possibility.

14. **Sanctions**:  If counsel or any party fails or refuses to do anything required by this order, a mediation order, *or any other order entered by the court*, such party or counsel, or both, may be subject to sanctions without further notice.  These sanctions may include striking a party's witnesses or exhibits, striking a party's claims or defenses, dismissal of a party's claims, entry of default, payment of expenses by the offending party or attorney, or other sanctions the court deems appropriate.  *See* Fed. R. Civ. P. 16(f).

15. *Inquiries and Facsimiles:  Questions relating to this scheduling order are to be directed to Mrs. Michelle Goode, Judicial Assistant (214-753-2365).  In the past, the court has received a number of documents which were the products of facsimiles.  The quality of some of these documents was so poor in that parts of the contents were either unreadable or obliterated.  Counsel and the parties are directed not to fax documents or submit any document that is a product of a fax, including the signature page, to the court or court clerk for filing in this case, unless permission is granted by the court.  In addition, no facsimile banners shall appear on any page of a document submitted to the court for consideration. The court will allow the faxing of documents only in truly exceptional or emergency situations.  Faxed documents submitted for filing without prior approval of the court will be unfiled.  If an attorney or*

*unrepresented party is unavailable for a signature, the unavailable attorney or unrepresented party may grant his or her permission for another attorney or the unrepresented party to sign the document, as long as such permission is so reflected on the document.*

16. *Counsel shall provide a copy of this order and any other order or written decision issued by the court to his or her respective client(s).*

**It is so ordered** this 7th day of April, 2011.

Sam A. Lindsay
United States District Judge

**Scheduling Order - Page 10**